On appellant's reconsideration filed June 10, and on respondent's reconsideration of designation of prevailing party filed May 27, former opinion filed May 12 (57 Or App 362, 644 P2d 638), appellant's reconsideration is denied; respondent's reconsideration of designation of prevailing party and for an attoney fee is allowed; costs, including an attorney fee of $1500 are allowed to respondent June 30, reconsideration denied August 20, petition for review denied September 21, 1982 (293 Or 521)

In the Matter of the Marriage of

KIME,
*Appellant,*
*and*
KIME,
*Respondent.*

(No. D7902-60793, CA 19638)

647 P2d 478

Austin W. Crowe, Jr., and Cosgrave, Kester, Crowe, Gidley and Lagesen, Portland for appellant's petition.

Lawrence I. Evans, Portland, for respondent's petition.

Before Joseph, Chief Judge, and Warden and Warren, Judges.

PER CURIAM.

## PER CURIAM.

Both parties petitioned for reconsideration. Appellant's petition is denied.

In her petition, wife contends we erroneously determined that husband was the prevailing party and that as the prevailing party, she should be awarded her costs and an attorney fee for which she also filed a petition.

The only modification of the trial court decree made by this court was to reduce the trial court's award of spousal support by $97 per month and to reallocate $97.24, payable monthly, to her property division. Although this modification of the trial court decree modifying the original decree was made at husband's request, the only practical beneficial effect of the change was to wife. Under the decree as we modified it, wife would not be taxed on the amount allocated to property division, and husband would not be entitled to deduct that amount for tax purposes as spousal support. We conclude that the modification we made was so insubstantial as to amount essentially to an affirmance of the trial court, particularly where, as here, the modification benefited the respondent. *See Gowin v. Heider,* 237 Or 266, 326-27, 386 P2d 1, 391 P2d 630 (1964).

Appellant's petition for reconsideration is denied; respondent's petition for reconsideration of designation of prevailing party and for an attorney fee is allowed; costs, including an attorney fee of $1500 are allowed to respondent.